UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND, <br><br>                             Plaintiffs, <br><br>             -against- <br><br> RECINE & SONS PLUMBING & HEATING INC., <br><br>                             Defendant. | 20 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to recover delinquent employer contributions to a group of employee benefit plans, to recover delinquent contributions pursuant to a payment bond, to enforce an employer's contractual and statutory obligations to make specified monetary contributions to such plans, and for related relief.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds maintain their principal place of business at 50 – 02 Fifth Street, Long Island City, New York 11101.

5. Plaintiff Plumbers Local Union No. 1 Welfare Fund (the "Welfare Fund") is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6. Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7. Plaintiff Trustees of the International Training Fund (the "ITF") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

8. Defendant Recine & Sons Plumbing & Heating Inc. ("Recine") was and is a for-profit company organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, Recine maintains a principal place of business at 2029 Yates Avenue, Bronx, New York 10461.

## BACKGROUND

**The Collective Bargaining Agreement**

9. At all relevant times, Recine was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

10. The CBA requires Recine to make specified hourly contributions to the Funds in connection with all plumbing work and other specified wok performed on behalf of Recine within the five boroughs of the City of New York ("Covered Work").

11. The CBA also requires Recine to remit other specified amounts, including union dues withheld from its employees' pay in connection with Covered Work, to the Welfare Fund, as collection agent for the Union and other specified entities.

12. The CBA further requires Recine to furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit fund contributions.

13. Additionally, the CBA and the trust agreement and policies adopted thereunder requires Recine to submit periodic remittance reports detailing the number of hours of Covered Work performed by its employees.

14. Under the documents and instruments governing the Local 1 Funds, including their trust agreements and collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees, audit fees, and other collection costs.

15. Under the documents and instruments governing the NPF, including their trust agreements and the collection policies promulgate in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of twelve percent (12%), liquidated damages of ten percent (10%) of the principal amount due, and attorneys' fees, audits fees and other collection costs.

16. Under the documents and instruments governing the ITF, including their trust agreements and the collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions interest thereon at an annual rate of twelve percent (12%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees audit fees and other collection costs.

**Local 1 Fund Delinquencies**

  **Delinquent Reports and Contributions**

  17. Based on remittance reports submitted by Recine to the Funds, Recine failed to remit contributions to the Local 1 Funds for work performed during the period April 1, 2016 through February 29, 2020, in the principal amount of $202,164.11.

**NPF/ITF Delinquencies**

  **Delinquent Reports and Contributions**

  18. Based upon remittance reports submitted by Recine to the Funds, Recine failed to remit contributions of $39,084 to the NPF and contributions of $1,632 to the ITF for work performed during the period April 1, 2016 through February 29, 2020.

  19. Pursuant to the CBA, the documents and instruments governing the Funds and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Section 302 of the LMRA, 29 U.S.C. § 185, Recine is liable: (1) to the Local 1 Funds for: (a) contributions of $202,164.11 for the period April 1, 2016 through February 29, 2020, (b) interest on the unpaid contributions at an annual rate of ten percent (10%); and (c) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the NPF for : (a) contributions of $39,084 for the period April 1, 2016 through February 29, 2020; (b) interest on the unpaid contributions at an annual rate of twelve percent (12%); and (c) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; and (3) to the ITF for: (a) contributions of $1,632 for the period April 1, 2016 through February 29, 2020; (b) interest on the unpaid contributions at an annual rate of twelve percent (12%); and (c) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the

date judgment is entered and thereafter; and (5) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST RECINE
*Unpaid Contributions Under 29 U.S.C. § 1145*

20.  Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21.  Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall…make such contributions in accordance with the terms and conditions of such plan or such agreement."

22.  The CBA requires that Recine make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

23.  Based on remittance reports submitted to the Funds by Recine, Recine owes: (1) the Local 1 Funds, (a) contributions of $202,164.11 for the period April 1, 2016 through February 29, 2020; (2) the NPF contributions of $39,084 for the period April 1, 2016 through February 29, 2020; and (3) the ITF contributions of $1,632 for the period April 1, 2016 through February 29, 2020.

24.  Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

25. By its failure to contribute the reported contributions described *supra*, Recine contravened the CBA, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

26. Accordingly pursuant to the CBA, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C.§ 1132(a)(3), (g)(2), and 29 U.S.C. § 1145, Recine is liable: (1) to the Local 1 Funds for, (a) contributions of $202,164.11 for the period April 1, 2016 through February 29, 2020, (b) interest on the unpaid contributions at an annual rate of ten percent (10%), and (c) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the NPF for (a) contributions of $39,084 for the period April 1, 2016 through February 29, 2020, (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; and (3) to the ITF for (a) contributions of $1,632 for the period April 1, 2016 through February 29, 2020, (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (5) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST RECINE
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

27. Plaintiffs repeat the allegations set forth in all preceding paragraphs hereof and incorporate them herein by reference.

28. Section 301 of the LMRA, 29 U.S.C.§ 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

29. Recine violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work for the period April 1, 2016 through February 29, 2020.

30. As a result of Recine's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Award judgment in favor of Plaintiffs and against Defendant Recine for its failure to timely remit contributions required by the CBA for the period April 1, 2016 through February 29, 2020;

2. Order Recine pay to Plaintiff Local 1 Funds: (1) delinquent contributions of $202,164.11 for the period April 1, 2016 through February 29, 2020; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); and (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

3. Order Recine to pay to Plaintiff NPF: (1) delinquent contributions of $39,084 for the period April 1, 2016 through February 29, 2020; (2) interest on the unpaid contributions at an annual rate of twelve percent (12%); and (3) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing;

4. Order Recine to pay Plaintiff ITF: (1) delinquent contributions of $1,632 for the period April 1, 2016 through February 29, 2020; (2 interest on the unpaid contributions at an annual rate of twelve percent (12%); and (3) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing;

5. Order Recine to pay Plaintiffs: (1) reasonable attorneys' fees and collection costs incurred by the Plaintiffs in this action; and (2) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and

6. Award Plaintiffs such other and further relief as the Court deems just and proper

Dated: New York, New York  
April 1, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____

Charles R. Virginia  
Adrianna R. Grancio  
40 Broad Street, 7th Floor  
New York, NY 10004  
(212) 943-9080  
agrancio@vandallp.com  
*Attorneys for Plaintiffs*